≈JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
JAMES M. SEBASTIAN, SR.

### DEFENDANTS
JAMES M. SEBASTIAN, JR.

(b) County of Residence of First Listed Plaintiff __Chester__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter J. McHugh, Esquire  (610) 558.4300
128 Commons Court
Chadds Ford, PA 19317

Attorneys (If Known)
Earl T. Britt, Esquire  (610) 832.9373
633 W. Germantown Pike, Suite 202
Plymouth Meeting, PA 19462

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ Medicare Act | | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS —Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332 (Diversity of Citizenship)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Chester County C.C.P.
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE James M. Sebastian, Sr. v. James M. Sebastian, Jr. case also being removed
DOCKET NUMBER  02-03966

DATE  6.12.02
SIGNATURE OF ATTORNEY OF RECORD  [signature]

FOR OFFICE USE ONLY
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June, 2002, a copy of James M. Sebastian, Jr.'s Notice of Removal, Memorandum of Law and Supporting Exhibit were sent via first class mail, postage prepaid, to:

Peter J. McHugh, Esquire
BROWN, MAYHART, MARTIN & SCHINDLER
128 Commons Court
Commons at Chadds Ford
P.O. Box 1539
Chadds Ford, PA 19317

_____
Earl T. Britt

Therefore, Defendant respectfully requests that the state court action be removed to the federal forum.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____
Earl T. Britt #03788
633 West Germantown Pike, Suite 202
Plymouth Meeting, PA 19462
(610) 832.9373
Attorney for Defendant,
James M. Sebastian, Jr.

DATE: 6/12/02

**OF COUNSEL:**

John F. Morkan, III, Esquire
Eric M. Veit, Esquire
Ober, Kaler, Grimes & Shriver
 A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax: (410) 547-0699

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. SEBASTIAN, SR. | * | |
| Plaintiff | * | |
| | | CIVIL ACTION NO. |
| v. | * | |
| JAMES M. SEBASTIAN, JR. | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OF LAW

Title 28, U.S.C. §1441 provides, in part, that,

> (a) Any civil action brought in the State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the District Court of the United States for the district and the division embracing the place where such action is pending.

In this case, Plaintiff filed an action against the above-named Defendant in the Chester County Court of Common Pleas, Commonwealth of Pennsylvania. Plaintiff lives at 9 Hickory Lane, Chadds Ford, Pennsylvania 19317, and is a citizen of the Commonwealth of Pennsylvania. Defendant is a citizen of Maryland. The amount in controversy exceeds $75,000.00. See Exhibit "A".

Under these circumstances, this Court has original jurisdiction over the instant controversy based upon complete diversity of citizenship between the parties, Plaintiff and Defendant, pursuant to 28 U.S.C. §1332(a)(1).

**BROWN, MAYHART, MARTIN & SCHINDLER**
By: Peter Joseph Mc Hugh, Esquire
Attorney Identification Number: 80637
128 Commons Court
Commons at Chadds Ford
P.O. Box 1539
Chadds Ford, Pennsylvania 19317
Telephone: 610.558.4300
Facsimile: 610.558.7849

Attorneys for Plaintiff
James M. Sebastian, Sr.

| | |
|---|---|
| JAMES M. SEBASTIAN, SR.<br>Plaintiff, | : IN THE COURT OF COMMON PLEAS<br>: CHESTER COUNTY, PENNSYLVANIA |
| v. | : CIVIL ACTION – LAW |
| JAMES M. SEBASTIAN, JR.<br>Defendant. | : NO. |

## ORDER – INJUNCTION

AND NOW, this _____ day of May, 2002, upon review of the plaintiff's complaint and request for an injunction, it is hereby ORDERED and DECREED that the defendant shall maintain the *status quo* and upkeep the following policies as presently owned until the resolution of this action: (1) <u>Equitable</u> – Policy Number 88-038-646 with a value of $1,000,000.00; (2) <u>Equitable</u> – Policy Number 88-014-330 with a value of $1,000,000.00 – with an existing waiver of premium; (3) <u>Trans America Occidental</u> – Policy Number 400-237-35; (4) <u>Trans America Occidental</u> – Policy Number 402-087-57 – with an existing waiver of premium.

Other terms:_____

_____

BY THE COURT:

_____ J.

2

## VERIFICATION

I verify that the statements made in this filing are true and correct. I understand that any false statements are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

_____
JAMES M. SEBASTIAN, SR.

35.  Any compromise in the property rights concerning the policies will make it unlikely that the plaintiff can successfully recover his losses.

36.  Any failure by the defendant to maintain payments on the policies will result in the unrecoverable loss of their benefit.

37.  The plaintiff will have no meaningful remedy should the policies be transferred or not be maintained.

38.  Consequently, the plaintiff seeks an injunction requiring the defendants to maintain the *status quo* and maintain the policies as presently owned until the resolution of this action.

**WHEREFORE**, the plaintiff request that the court enter an injunction against the defendants directing him to maintain the policies in their current state until the time the court decides this matter.

Respectfully Submitted,

BROWN, MAYHART, MARTIN & SCHINDLER

By: _____
Peter J. Mc Hugh, Esquire
Attorney for Plaintiff
James M. Sebastian, Sr.

27. The defendant has received the benefit of the plaintiff's policies as described and has enjoyed ownership and exclusive use of said property paid for by the plaintiff.

28. At all times the defendant knew that the plaintiff was expecting to have the policies handled in a manner consistent with the aforesaid intent.

29. By failing to return the policies and keeping them for his own benefit, the defendant has derived a benefit that is unconscionable under the circumstances and has therefore obtained an unjust enrichment at the plaintiff's expense.

30. Under the court's equitable powers applying theories such as *money had and received*, the plaintiff is entitled to receive same and have the transfer set aside and restored to plaintiff or otherwise be fully compensated for his losses.

**WHEREFORE**, the plaintiff request judgment against the defendant and have the transfer set aside and recovered in order to recover his damages or otherwise be fully compensated for his losses.

### COUNT V
### INJUNCTION

31. The plaintiff incorporates herein by reference all prior paragraphs as if set forth at length.

32. The relationship between the parties has deteriorated and the defendant still possessed the policies.

33. Despite the plaintiff's requests of same, the defendant has refused to return the policies, act consistent with his intentions or otherwise compensate him.

34. The policies are the central asset to this action's dispute.

20. As a result, the plaintiff is entitled to receive same and have the transfer set aside and restored to plaintiff or otherwise be fully compensated for his losses.

**WHEREFORE**, the plaintiff request judgment against the defendant and have the transfer set aside and recovered in order to recover his damages or otherwise be fully compensated for his losses.

### COUNT III
### CONVERSION

21. The prior paragraphs are incorporated herein in full.

22. The defendant has converted the plaintiffs stated policies by using them in a manner inconsistent with the purpose for which it was provided, and has kept them for his own improper purposes without the plaintiff's permission.

23. The plaintiff has suffered damages as a result of the defendant's breach, including loss of the policies and all funds he used to maintain them.

24. As a result, the plaintiff is entitled to receive same and have the transfer set aside and restored to plaintiff or otherwise be fully compensated for his losses.

**WHEREFORE**, the plaintiff request judgment against the defendant have the transfer set aside and recovered in order to recover his damages or otherwise be fully compensated for his losses.

### COUNT IV
### UNJUST ENRICHMENT

25. The plaintiff incorporates herein by reference all prior paragraphs as if set forth at length.

26. This count is set forth alternatively to counts I and II.

12. Moreover, the defendant has told the plaintiff that he intends to never give the plaintiff back his policies and intends to procure the benefit of the four (4) life insurance term policies for himself upon the plaintiff's death, all of which are contrary to the parties' expressed original intent and purpose of the transfer.

## COUNT I
## FRAUD

13. The prior paragraphs are incorporated herein in full.

14. The defendant intentionally defrauded the plaintiff by conning him into transferring the stated polices as stated above so he could procure the full value of the policies for himself contrary to the plaintiff's intent with the policies and the transfer.

15. The plaintiff has suffered damages as a result by losing the value of the policies and all the funds he expended to maintain them.

16. As a result, the plaintiff is entitled to have the transfer of the policies set aside and restored to the plaintiff, or otherwise be fully compensated for his losses.

**WHEREFORE**, the plaintiff request judgment against the defendant, have the transfer set aside and recovered in order to recover his damages, or otherwise be fully compensated for his losses.

## COUNT II
## BREACH OF CONTRACT

17. The prior paragraphs are incorporated herein in full.

18. The defendant's stated conduct constitutes a material breach of the parties' agreement.

19. The plaintiff has suffered damages as a result of the defendant's breach, including loss of the policies and all funds he used to maintain them.

5

(3) <u>Trans America Occidental</u> – Policy Number 400-237-35;

(4) <u>Trans America Occidental</u> – Policy Number 402-087-57 – with an existing waiver of premium.

4. The plaintiff purchased each policy with the intent that the full value of the policies would be equally distributed among his five (5) children at the time of his death.

5. In 1994, the plaintiff became disabled due to being diagnosed with a mental illness with a substantial increased likelihood of his early demise.

6. On January 1, 1994, the defendant assumed the plaintiff's financial responsibilities after the plaintiff was diagnosed with a serious mental illness.

7. In return for assuming the plaintiff's financial responsibilities, the defendant was paid $52,000.00 annually by the plaintiff as compensation for his services.

8. As part of the defendant's assumption of the plaintiff's financial affairs, the parties decided that the four (4) life insurance term policies would be transferred into the name and care of the defendant until such time that the plaintiff's condition stabilized or in case the plaintiff passed away due to his illness.

9. As part of his duties with the transfer, the defendant was obliged to successfully maintain the policies by assuring that the premiums were promptly paid until such time the plaintiff recovered or, in the case of death, that the defendant would distribute the benefits to his five (5) children equally as he intended.

10. The plaintiff's condition has stabilized since the time of transfer.

11. Although the defendant has maintained the four (4) life insurance term policies using the plaintiff's finances, the defendant has refused, despite the plaintiff's repeated requests, to transfer the policies back to the plaintiff as expected and has kept the policies.

**BROWN, MAYHART, MARTIN & SCHINDLER**
By: Peter Joseph Mc Hugh, Esquire
Attorney Identification Number: 80637
128 Commons Court
Commons at Chadds Ford
P.O. Box 1539
Chadds Ford, Pennsylvania 19317
Telephone: 610.558.4300
Facsimile: 610.558.7849

Attorneys for Plaintiff
James M. Sebastian, Sr.

FILED
02 MAY -1 PM 2
OFFICE OF THE
PROTHONOTARY
CHESTER CO., PA.

| | |
|---|---|
| JAMES M. SEBASTIAN, SR.<br>Plaintiff, | : IN THE COURT OF COMMON PLEAS |
| | : CHESTER COUNTY, PENNSYLVANIA |
| v. | |
| | : CIVIL ACTION – LAW |
| JAMES M. SEBASTIAN, JR.<br>Defendant. | |
| | : NO. |

## COMPLAINT

AND NOW comes the plaintiff, James M. Sebastian, Sr., by his attorney, Peter Joseph Mc Hugh, Esquire, who files this complaint representing the following:

1. The plaintiff is James M. Sebastian, Sr., an adult individual currently residing at 9 Hickory Lane, Chadds Ford, Pennsylvania 19317.

2. The defendant is James M. Sebastian, Jr., an adult individual currently residing at 182 Prince George Street, Annapolis, Maryland 21401.

3. Between 1970 and 1982, the plaintiff purchased the following four (4) life insurance term policies having a total value of five (5) million dollars upon the plaintiff's death:

    (1) <u>Equitable</u> – Policy Number 88-038-646 with a value of $1,000,000.00;

    (2) <u>Equitable</u> – Policy Number 88-014-330 with a value of $1,000,000.00 – with an existing waiver of premium;

3

**BROWN, MAYHART, MARTIN & SCHINDLER**
By: Peter Joseph Mc Hugh, Esquire
Attorney Identification Number: 80637
128 Commons Court
Commons at Chadds Ford
P.O. Box 1539
Chadds Ford, Pennsylvania 19317
Telephone: 610.558.4300
Facsimile: 610.558.7849

Attorneys for Plaintiff
James M. Sebastian, Sr.

02 MAY 14 AM 11: 42

OFFICE OF THE
PROTHONOTARY
CHESTER CO., PA.

| | |
|---|---|
| JAMES M. SEBASTIAN, SR.<br>    Plaintiff, | : IN THE COURT OF COMMON PLEAS |
| | : CHESTER COUNTY, PENNSYLVANIA |
| v. | |
| | : CIVIL ACTION – LAW |
| JAMES M. SEBASTIAN, JR.<br>    Defendant. | |
| | : NO. |

## NOTICE

You has been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE & INFORMATION SERVICES
Chester County Bar Association
15 West Gay Street
West Chester, Pennsylvania 19380
610.692.1889

1

# CHESTER COUNTY COURT OF COMMON PLEAS
# CIVIL COVER SHEET

Do not staple or attach on this side

FILED
02 MAY 14 AM 11:42
[PROTHONOTARY CHESTER CO., PA]

**1. CASE CAPTION:**      **1A. CASE NO.:** 02-03967

Sebastian
v.
Sebastian

**2. PLAINTIFF(s):** (Name, address)

James M. Sebastian, Sr.
9 Hickory Lane
Chadds Ford, PA 19317

**3. PLAINTIFF'S COUNSEL:**
(Name, firm, address, telephone and attorney ID#)

Peter J. McHugh, Esq.
Brown, Mayhant, Mantin & Schindler
P.O. Box 1539
Chadds Ford, PA 19317
610.558.4300
Atty Id # 80637

**4. DEFENDANT(s):** (Name, address)

James M. Sebastian, Jr.
182 Prince George St.
Annapolis, MD 21401

**5. ARE THERE, ANY RELATED CASES?**
(see C.C.R.C.P. 200B)
☐ Yes    ☐ No
IF YES, SHOW CASE NOS. AND CAPTIONS:

**6.** IF THIS IS AN APPEAL FROM A DISTRICT JUSTICE JUDGMENT, WAS APPELLANT ☐ PLAINTIFF OR ☐ DEFENDANT IN THE ORIGINAL ACTION?

**7. CASE CODE:** 82    **DESCRIPTION:** (see reverse side) Breach of Contract

**8. IS THIS AN ARBITRATION CASE?** ☐ Yes ☐ No
(Arbitration Limit is $50,000. See C.C.R.C.P. 1301.1)

**ARBITRATION CASES ONLY**

An Arbitration hearing in this matter is scheduled for _____ at _____ in the Jury Lounge, Chester County Court House, West Chester, PA. The parties and their counsel are directed to report to the Juror's Lounge for an arbitration hearing in this matter on the date and time set forth above.

This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

**NOTICE OF TRIAL LISTING DATE**

Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filed unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

**FILE WITH:** Prothonotary of Chester County, 2 North High Street, Suite 130, P.O. Box 2748, West Chester, PA 19380-0991

THIS COVER SHEET IS REQUIRED BY C.C.R.P. 1018.1 (b) AND MUST BE SERVED UPON ALL OTHER PARTIES TO THE ACTION IMMEDIATELY AFTER FILING. SUBMIT ENOUGH COPIES FOR SERVICE

SEE REVERSE SIDE FOR CASE CODES AND DESCRIPTIONS

A

4. Complete diversity of citizenship existed at the time the Complaint was filed, and has existed at all times from that date until the date of this removal. Thus, complete diversity of the citizenships exists for the purposes of 28 U.S.C. § 1332.

5. The amount in controversy, exclusive of interest and costs, is greater than $75,000.00.

6. Plaintiff's Complaint was served on James M. Sebastian, Jr. on May 20, 2002; removal is therefore timely. 28 U.S.C. § 1441, *et seq.*

WHEREFORE, Defendant respectfully requests that this action be removed from the Court of Common Pleas of Chester County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**BRITT, HANKINS, SCHAIBLE & MOUGHAN**

By: /s/ Earl Britt
Earl T. Britt #03788
633 West Germantown Pike, Suite 202
Plymouth Meeting, Pennsylvania 19462-1032
(610) 832-9373
(610) 832-9342 - Fax
Attorney for Defendant,
James M. Sebastian, Jr.

**OF COUNSEL:**
John F. Morkan, III, Esquire
Eric M. Veit, Esquire
Ober, Kaler, Grimes & Shriver
 A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax: (410) 547-0699

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. SEBASTIAN, SR. | * | |
| Plaintiff | * | |
| | | CIVIL ACTION NO. |
| v. | * | |
| JAMES M. SEBASTIAN, JR. | * | |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*

## **NOTICE OF REMOVAL**

### TO THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendant, James M. Sebastian, Jr., by his undersigned counsel, hereby removes this action from the Court of Common Pleas for Chester County, Pennsylvania, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. This notice is filed pursuant to 28 U.S.C. 1441, *et seq.* and in support of this Notice of Removal, James M. Sebastian, Jr. states as follows:

1. This action was commenced in the Court of Common Pleas of Chester County on May 14, 2002 and was assigned Civil No. 02-03967. Attached hereto as Exhibit "A" is a copy of the Complaint and related pleadings that have been served on James M. Sebastian, Jr.

2. Plaintiff, James M. Sebastian, Sr., is a citizen of Pennsylvania, who resides at 9 Hickory Lane, Chadds Ford, Pennsylvania 19317.

3. James M. Sebastian, Jr. is a Maryland citizen who resides at 182 Prince George Street, Annapolis, Maryland 21401.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 9 Hickory Lane, Chadds Ford, PA 19317

Address of Defendant: 182 Prince George Street, Annapolis, Maryland 21401

Place of Accident, Incident or Transaction: Maryland and Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☒   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☒   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ☐ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify)
   Breach of Contract

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, EARL T. BRITT, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/12/02         _____[signature]_____         03788
                      Attorney-at-Law               Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
              Attorney-at-Law   Attorney I.D.#

CIV. 609 (9/99)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| JAMES M. SEBASTIAN, SR. : | CIVIL ACTION |
| v. : | |
| JAMES M. SEBASTIAN, JR. : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.   (X)

6.12.02
**Date**

_Earl T. Britt_
**Attorney-at-law**

Defendant
**Attorney for**

(Civ. 660) 7/95