IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. SEBASTIAN, SR. | * | |
| Plaintiff | * | CIVIL ACTION NO. 02-3743 |
| v. | * | |
| JAMES M. SEBASTIAN, JR. | * | |
| Defendant | * | |

\*     \*     \*     \*     \*     \*     \*

**CERTIFICATION OF GOOD FAITH EFFORT TO RESOLVE DISCOVERY DISPUTE**

I HEREBY CERTIFY that, pursuant to Fed. R. Civ. P. 37(a)(2)(A), counsel for Defendant James M. Sebastian, Jr. took the following good faith efforts to resolve the discovery dispute brought to the Court's attention in the accompanying motion:

1. On July 25, 2002, Defendant's counsel discussed with Plaintiff's counsel a discovery plan for this case and related case No. 02-3745, and counsel at that time agreed on a deadline for paper discovery of September 30, 2002.

2. On July 29, 2002, Defendant's counsel wrote to Plaintiff's counsel, suggesting an accelerated discovery schedule in light of Plaintiff's counsel stating that the Eastern District of Pennsylvania follows a "self executing disclosure" policy. Defendant's counsel therefore proposed that each side exchange Fed. R. Civ. P. 26(a)(1) evidence by August 15, 2002. (*See* letter attached as Exhibit 1, with portions discussing the merits of the case redacted.)

3. On July 31, 2002, Plaintiff's counsel called Defendant's counsel and, among other subjects discussed, Plaintiff's counsel agreed to the amended discovery schedule proposed in the July 29 letter, including an August 15, 2002 Fed. R. Civ. P. 26(a)(1) exchange (Exhibit 1).

4. On August 9, 2002, Defendant provided Plaintiff with three hundred and sixteen pages of Bate stamped numbered documents in accordance with Fed. R. Civ. P. 26(a)(1).

5. On August 15, 2002, Defendant provided Plaintiff with the remainder of Defendant's required Initial Disclosures under Fed. R. Civ. P. 26(a)(1) pertaining to witnesses and damages. (*See* Initial Disclosures, Exhibit 2.)

6. On August 22, 2002, Defendant's counsel telephoned Plaintiff's counsel to ask why Plaintiff had not yet provided Fed. R. Civ. P. 26(a)(1) disclosures; Defendant's counsel was assured that such materials would be provided within the next week. (*See* Letter of August 22, 2002, memorializing that day's telephone conversation, Exhibit 3.)

7. On August 30, 2002, Defendant's counsel left Plaintiff's counsel a telephone voice mail message inquiring, *inter alia*, into when Plaintiff would make his required Fed. R. Civ. P. 26(a)(1) Initial Disclosures.

8. On September 11, 2002, Defendant's counsel again left Plaintiff's counsel a telephone voice mail message, inquiring into when Plaintiff would make his required Fed. R. Civ. P. 26(a)(1) Initial Disclosures.

9. On September 18, 2002, Defendant served Plaintiff with written requests for production of documents, noting in the cover letter that Plaintiff still had not yet made required Initial Disclosures. (*See* Letter, Exhibit 4.)

10. Defendant has incurred attorney's fees and expenses in preparing this motion and the companion motion in related case No. 02-3745, for which Defendant is entitled to be reimbursed. Upon leave of Court, Defendant will submit an itemized application with respect to all such costs.

Respectfully submitted,

_____

John F. Morkan III, Pro Hac Vice
Eric M. Veit, Pro Hac Vice
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
(410) 547-0699 (Fax)

Earl T. Britt
Britt, Hankins, Schaible & Moughan
633 West Germantown Pike, Suite 202
Plymouth Meeting, Pennsylvania  19462-1032
(610) 832-9339
(610) 832-9342 (Fax)

Attorneys for Defendant James M. Sebastian, Jr.

705560.1